UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO APARECIDO DOS SANTOS,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; DAVID WESLING, Acting Director of Massachusetts, Maine, Vermont, Connecticut, Rhode Island, New Hampshire ICE Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br><br>Respondents. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* Civil Action No. 1:26-cv-11723-IT<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

MEMORANDUM & ORDER

April 22, 2026

TALWANI, D.J.

Petitioner Antonio Aparecido Dos Santos, a citizen of Brazil, "most recently entered the United States in or about June 2021" and has remained in the country continuously since that time. Pet. ¶¶ 22–23 [Doc. No. 1]. Prior removal proceedings against Petitioner "were terminated in or about January 2025." Id. ¶ 24.

On April 13, 2026, as Petitioner attempted to enter the Framingham District Court to appear as the plaintiff in a civil trial, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner. Id. ¶¶ 25–26. ICE subsequently transferred Petitioner to the Plymouth County Correctional Facility in Plymouth, Massachusetts, where Petitioner remains in custody. Id. ¶ 27.

1

On April 14, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks immediate release or, in the alternative, a "constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons[, 10 F.4th 19 (1st Cir. 2021)]." Pet. at ECF 8 ¶ 4 [Doc. No. 1]. As grounds, Petitioner asserts that (1) he is entitled to a bond hearing under both 8 U.S.C. § 1226(a) and the partial final judgment entered by another session of this court in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025); and (2) without access to "an individualized bond hearing with strong procedural protections[,]" Petitioner's detention violates his right to due process under the Fifth Amendment to the U.S. Constitution. Pet. ¶¶ 32–42 [Doc. No. 1].

In their Response [Doc. No. 6], Respondents

submit that the legal issues presented in this Petition are similar to those recently addressed by the Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-v-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Respondents therefore acknowledge that "[s]hould the Court follow its reasoning" in those cases, "it would reach the same result here." Resp. 2 [Doc. No. 6].

In a footnote, Respondents assert that, in the alternative, "the Court should dismiss the Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, [813 F. Supp. 3d 185 (D. Mass. 2025)]." Resp. 2 n.1 [Doc. No. 6]. Respondents acknowledge, however, that "this argument was rejected by the Guerrero Orellana court in its order granting class certification." Id. The court remains unconvinced by this argument and again finds nothing in the Guerrero Orellana declaratory judgment that restricts the court's habeas jurisdiction to ensure that Petitioner is not held in custody in contravention of that judgment or on grounds found unlawful by this court. See Tabares Areiza v. Moniz, No. 26-cv-11563-IT,

2026 WL 961950, at *2 (D. Mass. Apr. 8, 2026); Rodriguez v. Wesling, No. 26-cv-11247-IT, 2026 WL 788250, at *1 (D. Mass. Mar. 20, 2026); Arbe Vilchez v. Moniz, No. 26-cv-10571-IT, 2026 WL 381828, at *2 (D. Mass. Feb. 11, 2026); Moura v. Moniz, No. 25-cv-14011-IT, 2026 WL 177862, at *2 (D. Mass. Jan. 22, 2026).

Accordingly, where the court finds that the reasoning in Doe remains correct, and consistent with the declaratory judgment ordered in Guerrero Orellana, the Petition [Doc. No. 1] is GRANTED as follows:

No later than April 27, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226 and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than April 30, 2026.

IT IS SO ORDERED.

April 22, 2026                                    /s/ Indira Talwani
                                                 United States District Judge

3